UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:18-cv-00495

**Glen Holmes,**
*Plaintiff,*

v.

**Texas College,**
*Defendant.*

Before BARKER, *District Judge*

## OPINION

Plaintiff Glen Holmes sues his former employer, Texas College, alleging retaliation prohibited by Title IX of the Educational Amendments Act of 1972, 20 U.S.C. § 1681(a). Texas College moves for summary judgment. As the moving party, Texas College must prove that "there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). The court draws all reasonable factual inferences in favor of Holmes as the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

As relevant here, Title IX creates a private cause of action for "[r]etaliation against a person because that person has complained of sex discrimination." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005). A plaintiff may establish prohibited retaliation by showing (1) that he engaged in an activity protected by Title IX, (2) that he suffered an adverse employment action, and (3) a sufficient causal connection between the protected activity and the adverse employment decision. *See Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). A person who complains of sex discrimination can be the victim of prohibited retaliation even if the original complaint was of sex discrimination against others. *Jackson*, 544 U.S. at 179.

Holmes's lawsuit alleges that he was fired from Texas College in retaliation for complaining, at a meeting on August 23, 2018, about a reduction in funding for the women's softball team as compared to the funding for the men's football team. Doc. 1 at 3. But Texas College argues, in seeking summary judgment, that there is no genuine factual dispute about whether Holmes made such a complaint of sex discrimination.

Texas College supports its argument with the declarations of two of its officials who said that, at the August 23 meeting, Holmes did not complain that women's and men's athletics were being treated differently. Doc. 28-2, ¶ 8; Doc. 28-3, ¶ 11. The two officials state that the meeting instead covered Holmes's decision to offer scholarships to 27 softball players without approval from the athletic director, which caused headache over whether the promised scholarships would have to be cut as unauthorized. Doc. 28-2, ¶¶ 7-9; Doc. 28-3, ¶¶ 8-12. The officials also testified to their concerns with Holmes's job performance. Doc. 28-2, ¶¶ 13-15; Doc. 28-3, ¶¶ 1-8, 15.

Texas College points further to Holmes's deposition, where he testified about the meeting as follows: "I never said, 'Oh, y'all can't do them girls like that. Don't do that.' I was totally acceptable . . . . So I was in total agreement with the fact that they [were] going to make that drastic cut to those girls." Doc. 28-4 at 13-14. Although Texas College may not have asked Holmes if he "raised Title IX concerns" in those exact words, Holmes's deposition testimony indicates that he had no complaints, Title IX or otherwise, with the contemplated scholarship cuts.

In response to this aspect of the motion for summary judgment, Holmes points only to his declaration of October 9, 2019, sworn after Texas College's motion. As relevant here, that declaration simply states: "On August 23, 2018, I met with the Athletic Director and Dr. Marshall-Biggins in which I

expressed Title IX concerns regarding the reduction in the amount of women's softball scholarships *vis-à-vis* the scholarships awarded in the football program." Doc. 33-3, ¶ 6.

A nonmovant's "self-serving sworn statement" in opposition to summary judgment "can create a genuine dispute of material fact." *Bargher v. White*, 928 F.3d 439, 445 (5th Cir. 2019). But "conclusory allegations, speculation, and unsubstantiated assertions are inadequate" to establish the existence of such a dispute. *Id.* at 444; *see also Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). A party opposing summary judgment must "identify specific evidence in the record, and . . . articulate the precise manner in which that evidence supports their claim." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (cleaned up).

Moreover, under the "sham-affidavit" rule, a nonmovant "may not manufacture a dispute of fact merely to defeat a motion for summary judgment." *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000). If a nonmovant offers a declaration that contradicts his earlier testimony, a court should disregard the new statement unless "sufficiently persuasive reasons are given" for the change. *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 270 (3d Cir. 2010).

Texas College invokes both of those doctrines. First, it argues that Holmes's statement in his declaration that he "expressed Title IX concerns" is conclusory and is insufficient to create a genuine factual dispute about whether Holmes complained of sex discrimination. Second, Texas College argues that Holmes's declaration contradicts his earlier deposition and should be disregarded under the sham-affidavit rule. The court finds both arguments persuasive.

First, Holmes's mere statement that he "expressed Title IX concerns" is conclusory and is unsubstantiated by any detail. *See Bargher*, 928 F.3d at 444. Without any evidence in the summary-judgment record about what specifically Holmes allegedly complained about, the court cannot review any such

alleged complaint to determine whether it falls within the legal protections of Title IX. Holmes's conclusory statement that he made a complaint covered by Title IX does not relieve the court of its responsibility to review that legal issue—and thus determine whether any factual dispute potentially raised by Holmes's declaration is legally material. As the Fifth Circuit has explained, a person's objection is not protected from retaliation under Title IX simply because it concerns women's sports; rather, the objection must be "related to gender inequality." *Minnis v. Bd. of Sup'rs*, 620 F. App'x 215, 222 (5th Cir. 2015) (unpublished). But Holmes's alleged objection was never put in writing and is not specified in his recent declaration. Whether Holmes's allegedly expressed concerns were "Title IX concerns" that are protected from retaliation is a conclusion of law. Holmes's mere assertion of that legal conclusion is not evidence that allows the court to review whether any factual dispute could allow the jury to find for Holmes on this element of his claim.

Second, and independently, Holmes's declaration violates the sham-affidavit rule. *See Dallas Indep. Sch. Dist.*, 220 F.3d at 386. A party cannot defeat summary judgment by submitting an affidavit "that impeaches, without explanation," his previous deposition testimony. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996). Holmes's deposition testimony that he "was in total agreement with the fact that they [were] going to make drastic cuts to those girls'" scholarships is inconsistent with his later declaration that he objected in the meeting to those same cuts. Plaintiff offers no explanation for the change. Under the sham-affidavit rule as well, Holmes's declaration is insufficient to show a genuine factual dispute on an essential element of his claim.

Accordingly, Texas College is entitled to summary judgment, which the court has entered by separate order.